Paul S. Rothstein (*pro hac vice pending*)
626 N.E. First Street
Gainesville, Florida 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
PSR@Rothsteinforjustice.com

Jeffrey Spitz (SBN 119343)
Spitz Law Group
11835 W. Olympic Blvd., Ste. 600E
Los Angeles, CA 90064
Tel: 424-273-1126
Fax: 424-273-1119
jspitz@spitzlawgroup.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELI CESALETTI<br>on behalf of himself<br>and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff, ELI CESALETTI ("Cesaletti" or "Plaintiff") on behalf of himself and all others similarly situated, makes the following allegations and claims in this Class Action Complaint against Samsung Electronics America, Inc. ("SEA"), and Samsung Electronics Co., Ltd. ("SEC") (together referred to as "Samsung" or "Defendants"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge or as otherwise stated upon information and belief.

## INTRODUCTION

1.    This case is brought by the Plaintiff on behalf of himself and all others similarly situated in the state of California who have purchased Samsung plasma television sets manufactured starting in January 2013 through November 2014 (generally referred to as "televisions" or "Samsung plasma televisions").

2.    Through a common and uniform course of conduct, SEA and SEC did not make functional parts available for Samsung plasma televisions, which they manufactured, supplied, promoted, and sold (and/or caused to be sold) to consumers in California.

3.    The purpose of this action is to hold accountable and obtain maximum legal and equitable relief from Samsung for producing and placing into the stream of commerce plasma televisions, while not adequately making functional replacement parts available to service those televisions.

4.    As a result of these acts and practices, SEA and SEC violated Cal. Civ. Code §1793.03(b) and California's Unfair Competition Law.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1331.

6.      The claims made on behalf of Plaintiff and the Class are in excess of $75,000, exclusive of interests and costs.

7.      This Court has personal jurisdiction over SEA and SEC pursuant to California Code of Civil Procedure §410.10.  Specific to Plaintiff's claims, Defendants transacted business within the State of California and Defendants committed one or more tortious acts within the state of California. Defendants engage in substantial and not isolated activity in the state of California and purposefully avail themselves in California; as they are registered to do business within the state, maintain retail locations within the state, operate websites which substantially retail to California consumers, market and advertise products to consumers within the state and/or conduct business by or through substantially controlled subsidiaries, partners, contractors or agents within the state of California.

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and/or (3). Defendants do business in or around the San Francisco Bay Area, within the Northern District of California; substantial events giving rise to this action occurred in or near the San Francisco Bay Area, within the Northern District of California and otherwise, as stated above, the Court has personal jurisdiction over Defendants.

CLASS ACTION COMPLAINT
Page 3

**INTRADISTRICT ASSIGNMENT**

9.    Cesaletti's claims are proper in the San Francisco Division because Cesaletti purchased
his Samsung plasma television in San Francisco County, which is governed by this
division. *See* Civil L.R. 3-2 (c) and (d).

**PARTIES**

10.   Cesaletti resides in San Francisco, California. In or around early 2014, he purchased his
51-inch Samsung plasma Smart 3D HDTV, model number PN51F8500AF, from a Best
Buy store in San Francisco, California. Cesaletti purchased his Samsung plasma
television for home use. SEC, together with SEA, designed, manufactured, marketed,
distributed, and/or caused to be sold to Cesaletti, his television. Cesaletti's television
currently exhibits Vertical Line Failure (as described, below) and has since sometime
around 2016 or 2017 (with the exception of about six months after a temporary repair in
2018). Within seven years of the television's manufacture, Cesaletti sought out repairs
for his Vertical Line Failure from a Samsung Authorized Service Center (A-Plus
Electronics and Engineering in San Francisco, CA[1]) and was told the parts were not
available. SEA and SEC have failed to make functional parts available to fix Cesaletti's
Vertical Line Failure.

---

[1] Samsung's Service Locator identifies A-Plus Electronics Engineering for repair of plasma
televisions in the San Francisco area.
https://www.samsung.com/us/support/service/locations/?product=N0002213&zip=94103 (last
accessed October 26, 2020).

CLASS ACTION COMPLAINT
Page 4

11. Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey. SEA is a wholly owned subsidiary of Samsung Electronics Co., Ltd. Defendant SEA designs, manufactures, and/or distributes consumer electronics products, and sells Samsung brand consumer products direct to the public through its international retail website Samsung.com, including the televisions forming the subject matter of this action.  Samsung caused these products to be placed into the stream of commerce in California as well as throughout the United States. SEA also owns and/or operates retail locations in California. Upon information and belief, sometime in early 2013, SEA operated "experience" shops inside Best Buy stores located throughout the United States, including California. SEA is registered to do business in California.

12. Defendant Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with its headquarters in Seoul, South Korea. SEC designs, manufactures, and/or distributes consumer electronics products, and sells Samsung brand consumer products directly to the public through its international retail website Samsung.com, including the televisions forming the subject matter of this action. SEC caused these products to be placed into the stream of commerce in California as well as throughout the United States. SEC either directly or indirectly owns and/or operates retail locations in California. Upon information and belief, sometime in early 2013, SEC by or through its subsidiaries and/or agents operated "experience" shops inside Best Buy stores located throughout the United States, including California.

13.     At all times material hereto, SEA acted with apparent or actual agency on behalf of
        SEC. Together SEA and SEC were perpetuating the acts described within this Class
        Action Complaint without any discernible difference among any entity which operated
        using the "Samsung" brand name and trademark(s).

## **FACTUAL ALLEGATIONS**

14.     SEC and SEA are in the business of manufacturing, marketing, distributing, selling,
        and/or causing to be sold, plasma televisions to consumers in California.

15.     Upon information and belief, on or soon after November 30, 2014, SEC stopped
        manufacturing plasma televisions.

16.     Upon information and belief, before November 30, 2014, SEC (including by or through
        one of its subsidiaries) manufactured the plasma display panels ("PDPs") used in the
        manufacturing assembly to make Samsung plasma televisions.

17.     Upon information and belief, around or shortly after November 30, 2014, SEC (including
        by or through one of its subsidiaries) ceased manufacturing PDPs used in the
        manufacturing assembly to make Samsung plasma televisions.

18.     Upon information and belief, sometime after November 30, 2014, Samsung failed to
        make functional parts available to Authorized Service Centers ("ASCs") for Samsung
        plasma televisions, in violation of Cal. Civ. Code § 1793.03(b).

19.     Consumers in California, like Plaintiff, experienced a common issue with the Samsung
        plasma televisions through the appearance of stationary thin vertical lines on the screen.

Lines may appear as red, blue, green, or white[2] and arise from a common cause and require a common repair ("Vertical Line Failure").

20.     The data driver and the glass plasma panel together function for the display, a part known as the PDP Assembly. They are bonded together in a specific way, with use of a specifically calibrated machine and an ACF (anisotropic conductive film) bond. The Vertical Line Failure arises from the failure of the a) data driver; b) the bond between the data driver and plasma display panel glass; or c) electrodes inside the panel.

21.     All modes of failure for the Vertical Line Failure require the replacement of the PDP Assembly.

22.     When Samsung defended an action raising this same violation of California law in April 2018, Samsung became aware that California ASCs were under the impression that plasma television parts were not available.

23.     Upon information and belief, Samsung ASCs continue to tell consumers that parts are not available.

24.     Upon information and belief, Samsung ceased to regularly make PDP Assemblies available after the expiration of the manufacturer's warranty. Upon information and belief this practice began sometime in 2015.

---

[2] For ease of reference, the "Vertical Line Failure" described herein will also mean any other colored line (including red, blue, green, or white).

CLASS ACTION COMPLAINT
Page 7

25.    Upon information and belief, Samsung's illegal conduct started in or around 2015, the estimated time after one year from the sale of the 2013 and 2014 models, after the expiration of the one-year manufacturer's warranty for the last of the Samsung plasma televisions.

26.    Samsung has willfully violated Cal. Civ. Code § 1793.03(b) by not correcting their past business practices or otherwise ensuring parts availability to ASCs in California.

27.    Consumers are left without the option to purchase a new plasma television as other manufacturers had also exited the plasma television market and are unable to repair their Samsung plasma televisions.

28.    Plaintiff and members of the Class could not have known or reasonably discovered that the parts necessary to repair their Samsung televisions would no longer be available until after they attempted to repair a manifested Vertical Line Failure.

29.    Plaintiff and Class members are all purchasers of Samsung plasma televisions and have been damaged.

30.    Plaintiff and Class members have been damaged in one or more of the following ways:

    a.    The amount for the entire price paid or part of the price paid for the televisions;

    b.    The amount of the price of diagnostic, repair and service fees;

    c.    Loss of the use of their property in the condition it was bargained for; and/or

    d.    The cost of replacement for a similar or comparable television.

CLASS ACTION COMPLAINT
Page 8

1

## **PLAINTIFF CESALETTI**

2

31.  Cesaletti purchased a Samsung Plasma television, specifically a 51-inch Samsung plasma

3

television, model number PN51F8500, for more than $1,600.00 in or around early 2014

4

at a Best Buy store in San Francisco, California.

5

6   32.  Based on the model number, Cesaletti's model television was manufactured in 2013 or

7

2014.

8   33.  Cesaletti's television first displayed thin vertical lines on the screen around 2016 or 2017.

9

34.  Cesaletti contacted Samsung, and they confirmed that it was outside of the

10

manufacturer's warranty.

11

12   35.  In 2018, Cesaletti contacted a Samsung ASC, A-Plus, to fix the Vertical Line Failure.

13

The ASC reportedly fixed the Vertical Line Failure, at least temporarily. Cesaletti paid

14

approximately $300 for this repair, which, upon information and belief, did not include a

15

replacement PDP Assembly ("2018 Repair").

16

17   36.  Within six months of the 2018 Repair, the vertical lines reappeared on Cesaletti's

18

Samsung plasma television screen.

19   37.  Between the 2018 Repair and 2020, Cesaletti's Samsung plasma television's Vertical

20

Line Failure worsened, again.

21

22   38.  In 2020, Cesaletti contacted A-Plus, again, about the Vertical Line Failure in his

23

Samsung plasma television.

24   39.  In 2020, A-Plus indicated that the parts were not available for the repair of the Vertical

25

Line Failure in his Samsung plasma television.

26

27

CLASS ACTION COMPLAINT
Page 9

28

40.   Due to SEA and SEC's failure to make functional parts available, Cesaletti has lost the full-quality use of his Samsung plasma television in the condition it was bargained for as a result of the Vertical Line Failure.

## CLASS ACTION ALLEGATIONS

41.   Plaintiff brings this action on their own behalf and pursuant to Fed. R. Civ. P. 23(a), 23(b)(3) and 23(b)(2) as a class action on behalf of a California Class ("Class") of persons defined as:

> Within the applicable statute of limitations, all persons in the State of California who purchased a Samsung plasma television manufactured between January 2013 and November 30, 2014 and experienced a vertical line issue in or after November 1, 2015.

Plaintiff maintains the right to modify or amend the definition of the proposed Class before a court determines whether certification is appropriate.

42.   Excluded from the Class are Samsung and others as follows:

   a.   Any entity in which Samsung has a controlling interest, or which has a controlling interest in Samsung;

   b.   Samsung's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person;

   c.   Samsung's assigns and successors;

   d.   The judge to whom this case is assigned and any member of the judge's immediate family;

   e.   All persons who properly execute and timely file a Request for Exclusion;

CLASS ACTION COMPLAINT
Page 10

f.   All persons who have properly released their claims against Samsung; and

g.   All persons who have obtained a judgment against Samsung on the claims here presented on or before the date of the filing of this action.

**RULE 23(a)**
**Numerosity**

43.   Upon information and belief, the Class is composed of no fewer than forty persons statewide in California; and is sufficiently numerous for class treatment.

44.   According to Samsung's 2013 Annual report, Samsung holds almost 30% of the global market share for flat panel televisions. California holds the highest percentage of the U.S. population (approximately 12%). The Consumer Electronics Association has estimated that in 2012, U.S. consumers spent $2.15 billion on 2.98 million plasma TVs. Combining these statistics, in 2012 alone, Samsung sold approximately $77 million and more than 100,000 plasma TVs to consumers in California. Over the years contemplated by this Complaint, that is approximately 200,000 plasma televisions sold to California consumers alone. Even with a fraction of a percentage of users experiencing the Vertical Line Failure, the Class is numerous.

45.   The joinder of the Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

1

**Commonality**

2
46.   This dispute raises questions of law and fact that are common to the Class members.

3
Those common questions predominate over questions that arise on an individual basis for

4
members.

5

6
47.   The common questions of law and fact for the Class include, without limitation:

7
    a.   Whether Samsung's conduct regarding the televisions was unlawful;

8
    b.   Whether Samsung violated California's Unfair Competition Law;

9
    c.   Whether Samsung violated Cal. Civ. Code § 1793.03(b);

10
    d.   Whether Samsung failed to make available functional parts necessary to repair

11
       Samsung plasma televisions for seven years after they were manufactured;

12

13
    e.   Whether the members of the Class have been injured by Samsung's conduct;

14
    f.   Whether the members of the Class are entitled to compensatory relief;

15
    g.   Whether civil penalties should be assessed against Samsung for willful behavior;

16
       and

17

18
    h.   Whether the members of the Class are entitled to injunctive or declaratory relief

19
       to repair and/or obtain replacement parts for the plasma televisions.

20

**Typicality**

21
48.   Plaintiff's claims are typical of the claims of the Class. Plaintiff has no interests adverse

22
to the interests of other members.

23

24

25

26

27

28

49.   The claims of Plaintiff and the Class have a common origin and share a common basis. The Class claims originate from the same unlawful practices of Samsung, who act in the same way toward Plaintiff and the Class members.

## Adequate Representation

50.   Plaintiff is willing and prepared to serve the Court and the Class in a representative capacity with all the obligations and duties material to serving as a class representative. Plaintiff will fairly and adequately protect the interest of the Class and has no interests adverse to, or which directly and irrevocably conflict with, the interests of other members of the Class.

51.   The self-interest of the named class representative is co-extensive with, and not antagonistic to, those of absent members. The proposed representative will undertake to protect the interests of the absent members.

52.   Plaintiff has engaged the services of counsel indicated below. Said counsel is experienced in complex and class action litigation and will adequately prosecute this action and will assert, protect, and otherwise represent the named class representative and absent Class members.

## RULE 23(b)(2)

53.   This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because SEA and SEC have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and/or corresponding declaratory relief with respect to the Class as a whole. SEA and SEC failed to make available functional parts for their

CLASS ACTION COMPLAINT
Page 13

plasma televisions for seven years after the date of manufacture. SEA and SEC's actions denied consumers the reasonable option to repair their plasma televisions.

### **RULE 23(b)(3)**

54.   The questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

55.   A class action is superior to other available methods for the fair and efficient adjudication of the controversies in that:

   a.   Individual claims by the Class members are impractical as the costs of pursuit far exceed what any one plaintiff or member has at stake.

   b.   The proposed class action is manageable.

56.   Plaintiff is not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiff or on its own determination, certify a class for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law for class-wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

### COUNT ONE
### VIOLATION OF CALIFORNIA LAW
### (CAL. CIV. CODE §1793.03(b))(As To SEA)

57.   Plaintiff and the Class reallege and incorporate paragraphs 1-56 as if set forth fully in this

CLASS ACTION COMPLAINT
Page 14

Count.

58.   The Samsung plasma televisions are "electronics" within the meaning of the Cal. Civ. Code § 9801(h).

59.   Plaintiff has the right to a private cause of action pursuant to Cal. Civ. Code §1794, as they are buyers of consumer goods who have suffered injury for SEA's failure to comply with Cal. Civ. Code §1793.03(b).

60.   SEA, by or through actual or apparent agency, is a manufacturer of Samsung plasma televisions.

61.   SEA provides an express warranty with its Samsung plasma televisions.

62.   Upon information and belief, the Samsung plasma televisions have a wholesale price to the retailer of more than one hundred dollars.

63.   SEA did not make available functional parts to effect the repair of Samsung plasma televisions for at least seven years after they were manufactured.

64.   As a result, Plaintiff and the class are left with plasma televisions that are not able to be repaired.

65.   As the Samsung plasma televisions suffered from a common Vertical Line Failure, requiring the replacement of the PDP Assembly, which are unavailable, consumers are now without the opportunity to repair and the Samsung plasma televisions have become obsolete less than seven years after they were manufactured.

66.   Had Plaintiff and the Class known that functional parts would not be available to repair their Samsung plasma televisions, they would have paid substantially less for the

CLASS ACTION COMPLAINT
Page 15

televisions or not purchased them at all.

67.     Because functional parts are not available to repair their Samsung plasma televisions, Plaintiff's television is worth less than if it were able to be repaired and were functioning in the condition for which Plaintiff bargained.

68.     All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of SEA's business. SEA's wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California. Namely, SEA continues to be out of compliance with Cal. Civ. Code §1793.03(b).

WHEREFORE, Plaintiff individually and on behalf of the Class demands judgment against SEA for:

a.   Compensatory damages, including but not limited to the purchase price of Samsung plasma televisions, diminishment in value of the Samsung plasma televisions, the cost of diagnosis, repair and/or replacement of the Samsung plasma televisions;

b.   Injunctive relief, including but not limited to ordering SEA to manufacture repair/replacement parts for Samsung plasma televisions for the seven years after the last date of manufacture;

c.   Civil penalties;

d.   Reasonable attorney's fees, costs, and expenses; and

e.   Such other relief as may be just, necessary, or appropriate.

CLASS ACTION COMPLAINT
Page 16

**COUNT TWO**
**VIOLATION OF CALIFORNIA LAW**
**(CAL. CIV. CODE §1793.03(b)) (As to SEC)**

69. Plaintiff and the Class reallege and incorporate paragraphs 1-56 as if set forth fully in this Count.

70. The Samsung televisions are "electronics" within the meaning of the Cal. Civ. Code § 9801(h).

71. Plaintiff has the right to a private cause of action pursuant to Cal. Civ. Code §1794, as they are buyers of consumer goods who have suffered injury for SEC's failure to comply with Cal. Civ. Code §1793.03(b).

72. SEC is a manufacturer of Samsung plasma televisions.

73. SEC, through actual or apparent agency (including by or through one of its subsidiaries), provides an express warranty with its Samsung plasma televisions.

74. Upon information and belief, the Samsung plasma televisions have a wholesale price to the retailer of more than one hundred dollars.

75. Upon information and belief, SEC did not make available functional parts to effect the repair of Samsung plasma televisions for at least seven years after they were manufactured.

76. As a result, Plaintiff and the class are left with plasma televisions that are not able to be repaired.

77. As the Samsung plasma televisions suffered from a common Vertical Line Failure, requiring the replacement of the PDP Assembly, which are unavailable, consumers are

now without the opportunity to repair, and the Samsung plasma televisions become obsolete less than seven years after they were manufactured.

78.   Had Plaintiff and the class known that parts would not have been available to repair/replace their Samsung plasma televisions, they would have paid substantially less for the product or not purchased them at all.

79.   Because functional parts are not available to repair their Samsung plasma televisions, Plaintiff's television is worth less than if it were able to be repaired and were functioning in the condition to which Plaintiff bargained.

80.   All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of SEA's business. SEA's wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California. Namely, SEC continues to be out of compliance with Cal. Civ. Code §1793.03(b).

WHEREFORE, Plaintiff individually and on behalf of the Class demands judgment against SEC for:

   a.   Compensatory damages, including but not limited to the purchase price of Samsung plasma televisions, diminishment in value of the Samsung plasma televisions, the cost of diagnosis, repair and/or replacement of the Samsung plasma televisions;

   b.   Injunctive relief, including but not limited to ordering SEC to manufacture repair/replacement parts for Samsung plasma televisions for the seven years after the last date of manufacture;

CLASS ACTION COMPLAINT
Page 18

c.   Civil penalties;

d.   Reasonable attorney's fees, costs, and expenses; and

e.   Such other relief as may be just, necessary, or appropriate.

**COUNT THREE**
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(CAL. BUS. & PROF. CODE § 17200, *et seq.*) (As to SEA)**

81.   Plaintiff and the Class reallege and incorporate paragraphs 1- 56 as if set forth fully in this Count.

82.   This claim is brought on behalf of Plaintiff and the Class of consumers who purchased Samsung plasma televisions, which commonly experience a Vertical Line Failure.

83.   As a direct and foreseeable result of SEA not maintaining an adequate supply of repair/replacement parts to service their Samsung plasma televisions, rendering the televisions prematurely obsolete and unable to be repaired; Plaintiff and the Class have suffered injury.

84.   Plaintiff and the Class have relied upon SEA to supply repair/replacement parts to service the Samsung plasma televisions as required by California law.

85.   Cal. Bus. & Prof. Code §§ 17200 *et.* seq. (the "UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice." SEA has engaged in unlawful business acts and practices in violation of the UCL.

86.   SEA's business practices violate the UCL's prohibition on "unlawful…business act[s] or practice[s]" because they violate, inter alia, California's 7-year parts law, Cal. Civ. Code §1793.03(b), as alleged in this Complaint.

CLASS ACTION COMPLAINT
Page 19

87.   Plaintiff and the Class have suffered injury-in-fact, including the loss of money, as a result of SEA's unlawful acts and practices, including:

    a.   The amount for the entire or part of the price paid for the televisions;

    b.   The amount of the price of diagnostic, repair and service fees;

    c.   Loss of the use of their property in the condition it was bargained for; and/or

    d.   The cost of replacement for a similar or comparable television.

88.   Had Plaintiff and the Class known that SEA would not service or provide repair/replacement parts for their Samsung plasma televisions, they would not have purchased or would have paid far less for those televisions.

89.   All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of SEA's business. SEA's wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California. Namely, SEA continues to be out of compliance with Cal. Civ. Code §1793.03(b).

90.   Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin SEA from continuing its unlawful business practices, to restore to Plaintiff and members of the Class any money that SEA acquired (as provided in Cal. Bus. & Prof. Code § 17200), and to provide such other relief as set forth below.

WHEREFORE, Plaintiff individually and as class representatives on behalf of the California Class demand judgment against the SEA for:

CLASS ACTION COMPLAINT
Page 20

a. Compensatory damages, including but not limited to the diminished value of the Samsung televisions or, in the alternative, cost of diagnosis/repairs and/or replacement of the Samsung plasma televisions;

b. Injunctive relief, including but not limited ordering SEA to engage in corrective action to repair the defective Samsung televisions and/or make plasma television repair parts available to consumers;

c. Reasonable attorney's fees, costs, and expenses; and

d. Such other relief as may be just, necessary, or appropriate.

**COUNT FOUR**
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(CAL. BUS.&PROF. CODE § 17200, *et seq.*) (As to SEC)**

91. Plaintiff and the Class reallege and incorporate paragraphs 1-56 as if set forth fully in this Count.

92. This claim is brought on behalf of Plaintiff and the Class of consumers who purchased Samsung plasma televisions, which commonly experience a Vertical Line Failure.

93. As a direct and foreseeable result of SEC's not maintaining an adequate supply of repair/replacement parts to service their Samsung plasma televisions, rendering the televisions prematurely obsolete and unable to be repaired, Plaintiff and the Class have suffered injury.

94. Plaintiff and the Class have relied upon SEC to supply repair/replacement parts to service the Samsung plasma televisions as required by California law.

95.     Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice." SEC has engaged in unlawful business acts and practices in violation of the UCL.

96.     SEC's business practices violate the UCL's prohibition on "unlawful…business act[s] or practice[s]" because they violate, inter alia, California's 7-year parts law, Cal. Civ. Code §1793.03(b), as alleged in this Complaint.

97.      Plaintiff and the Class have suffered injury-in-fact, including the loss of money, as a result of SEC's unlawful acts and practices, including:

      a.   The amount for the entire or part of the price paid for the televisions;

      b.   The amount of the price of diagnostic, repair and service fees;

      c.   Loss of the use of their property in the condition it was bargained for; and/or

      d.   The cost of replacement for a similar or comparable television.

98.     Had Plaintiff and the Class known that SEC would not service or provide repair/replacement parts for their Samsung plasma televisions, they would not have purchased or would have paid far less for those televisions.

99.     All of the wrongful conduct alleged here occurred, and continues to occur, in the conduct of SEC's business. SEC's wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California. Namely, SEC continues to be out of compliance with Cal. Civ. Code §1793.03(b).

100.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin SEC from continuing its unlawful business practices, to restore to Plaintiff and

members of the Class any money that SEC acquired (as provided in Cal. Bus. & Prof. Code § 17200), and to provide such other relief as set forth below.

WHEREFORE, Plaintiff individually and as class representatives on behalf of the Class demand judgment against SEC for:

    a.  Compensatory damages, including but not limited to the diminished value of the Samsung televisions or, in the alternative, cost of diagnosis/ repairs and/or replacement of the Samsung plasma televisions;

    b.  Injunctive relief, including but not limited ordering SEC to engage in corrective action to repair the defective Samsung televisions and/or make plasma television repair parts available to consumers;

    c.  Reasonable attorney's fees, costs, and expenses; and

    d.  Such other relief as may be just, necessary, or appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

    A.    Certifying this action for class treatment, approving:

        1.  Plaintiff on behalf of Class; and

        2.  Undersigned counsel as Class Counsel for the Class.

    B.    Awarding damages to:

        1.  Plaintiff and the Class for Samsung's violations of the Cal. Civ. Code §1793.03(b); and

CLASS ACTION COMPLAINT
Page 23

2.   Plaintiff and the Class for Samsung's violations of the Cal. Bus. & Prof. Code § 17200, *et seq.*

C.   Awarding civil penalties;

D.   Awarding pre- and post-judgment interest;

E.   Awarding injunctive relief as follows:

1.   Plaintiff and the Class for Samsung's violations of the Cal. Civ. Code §1793.03(b); and

2.   Plaintiff and the Class for Samsung's violations of the Cal. Bus. & Prof. Code § 17200.

F.   Awarding attorney fees, expenses, and costs; and

G.   Providing such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Trial by jury demanded on all issues so triable.

CLASS ACTION COMPLAINT
Page 24

1   Respectfully submitted this 1st day of December 2020.

2                                          /s/ Jeffrey Spitz
3                                          Jeffrey Spitz (SBN 119343)
                                           Spitz Law Group
4                                          11835 W. Olympic Blvd., Ste. 600E
                                           Los Angeles, CA 90064
5                                          Tel: 424-273-1126
6                                          Fax: 424-273-1119
                                           jspitz@spitzlawgroup.com
7
8                                          Paul S. Rothstein (*pro hac vice pending*)
                                           626 N.E. First Street
9                                          Gainesville, Florida 32601
                                           Tel: (352) 376-7650
10                                         Fax: (352) 374-7133
                                           psr@rothsteinorjustice.com
11
12                                         *Attorneys for the Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                    CLASS ACTION COMPLAINT
27                                         Page 25
28